UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                              Criminal Case No. 14-20733
v.                               Honorable Linda V. Parker

TOSH ROMON LOUK,

        Defendant.
_____/

## **OPINION AND ORDER DENYING AS MOOT PETITION FOR INJUNCTIVE RELIEF**

In 2015, Defendant Tosh Romon Louk ("Louk") pleaded guilty to felon in possession of a firearm and was sentenced to a term of imprisonment of sixty months. While incarcerated at a Bureau of Prisons ("BOP") facility in Terre Haute, Indiana, Louk filed a petition for injunctive relief in the District Court for the Southern District of Indiana. Compl., *Louk v. Krueger*, No. 2:17-cv-00357 (S.D. Ind. July 28, 2017), ECF No. 1. Specifically, Louk challenged BOP's refusal to grant him a reduction in his sentence pursuant to 18 U.S.C. § 3621(e)(2),[1] claiming the decision violated the Administrative Procedures Act ("APA"). *Id*. A copy of the petition also was filed in the above-captioned case. (ECF No. 30.)

---

[1] 18 U.S.C. § 3621(e)(2) empowers the BOP to reduce by up to one year the sentence of a prisoner convicted of a nonviolent offense upon completion of a drug treatment program.

On August 2, 2017, the Honorable William T. Lawrence of the District Court for the Southern District of Indiana entered an order dismissing Louk's action pursuant to 28 U.S.C. § 1915A(b).  Entry Discussing Filing Fee, Dismissing Complaint, and Directing Further Proceedings, *Louk*, No. 2:17-cv-00357 (S.D. Ind. Aug. 2, 2017), ECF No. 3.  Judge Lawrence concluded that Louk's complaint failed to state a claim upon which relief may be granted because "the Seventh Circuit held in *Lopez v. Rios*, 553 F. App'x 610 (2014), that 18 U.S.C. § 3625 categorically bars any APA action challenging a BOP discretionary denial of early release following completion of a drug treatment program." *Id.* at Pg ID 13 (citing *Lopez*, 553 F. App'x at 610).  Judge Lawrence also relied on Supreme Court precedent holding that BOP's regulation excluding prisoners with firearms involvement from early release is a reasonable and permissible administrative policy.  *Id.* (citing *Lopez v. Davis*, 531 U.S.C. § 230, 244 (2001)).

Louk is bound by Judge Lawrence's ruling.  As such, this Court **DENIES WITH PREJUDICE** his petition in the above-captioned case.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: October 11, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 11, 2017, by electronic and/or U.S. First Class mail.

                                                        s/ R. Loury
                                                        Case Manager